CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
July 15, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **BRANDY N. HOOD** | ) | Case No. 7:24-cv-00602 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Hon. Robert S. Ballou** |
| | ) | **United States District Judge** |
| **CRYSTAL LARGE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Brandy N. Hood, a Virginia inmate acting *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated her constitutional rights by preventing her from having an "HS snack" for a month and a half. Dkt. 1, 19. Hood, a Type 1 diabetic, alleges that the deprivation of the HS snack interfered with her insulin dosage, which caused vision issues, kidney issues, and a loss of sensation in her legs. Dkt. 1, 19. Defendants Crystal Large, NP and Brandy Bishop, RN ("the medical defendants") filed a Motion to Dismiss for failure to state a claim. Dkt. 15, 16.

I find that Hood alleged sufficient facts to support a violation of her constitutional rights and **DENY** the medical defendants' Motion to Dismiss.

**I.    Standard of Review**

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[C]ourts are obligated to liberally construe *pro se* complaints, however inartfully pleaded." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017). Liberal construction is particularly important when pro se complaints allege civil rights violations. *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. 2021).

## II.    Facts

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, Hood filed an "Objection" to the medical defendants' Motion to Dismiss that includes additional factual allegations against the medical defendants that do not appear in the Complaint. Dkt. 19. The medical defendants argue that the Court should not consider these additional facts. Dkt. 20.

Courts generally only consider facts alleged in pleadings, not facts alleged in later briefs. *Iqbal*, 556 U.S. at 663; *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). At the same time, "district courts are under an obligation to ensure that technical problems of pleading . . . do not prevent the prosecution of *pro se* civil rights actions." *Eakins v. Reed*, 710 F.2d 184, 186 (4th Cir. 1983). Courts are obligated to liberally construe *pro se* civil rights allegations so as to decrease procedural rules from "trap[ping] the unwary *pro se* prisoner." *Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

Courts in the Fourth Circuit frequently consider facts alleged by *pro se* plaintiffs even if they are improperly alleged outside of the complaint.[1] *See, e.g., Holley v. Combs*, 134 F.4th 142, 144 (4th Cir. 2025) ("to determine whether the claim of a *pro se* plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff") (quoting *Garrett v. Elko*, 120 F.3d 261 (4th Cir. 1997)); *see also Smith v. Blackledge*, 451 F.2d 1201, 1202 (4th Cir. 1971) (noting that "claims . . . set out in a 36-page, handwritten document . . . denominated as one to 'Further Particularize' the complaint [and] regarded by the District Judge as merely a response to defendants' motion to dismiss . . . should have been considered an amendment to the complaint").

"Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). In this vein, I consider the original complaint (Dkt. 1), along with Hood's handwritten, two-page document titled "Objection" (Dkt. 19), collectively as "the Complaint."[2] Construing the Complaint in this manner, Hood alleges the following facts giving rise to her claims.

Hood was incarcerated at the Tazewell Facility of the Southwest Virginia Regional Jail during the relevant events. Dkt. 1. She has Type 1 diabetes and would receive an "HS snack[3],"

---

[1] Fed. R. Civ. P. 12(d) provides that, if matters outside the pleadings are presented to the Court on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must treat the motion as a motion for summary judgment under Fed. R. Civ. P. 56. That is distinct from the approach taken here, which is a liberal construction of pro se civil rights allegations.

[2] The medical defendants had an opportunity to, and did, respond to the facts alleged in the document titled "Objection." Dkt. 20.

[3] An "HS snack" is given to diabetics at bedtime to regulate blood sugar overnight and avoid morning hypoglycemia. *See* Maria Kalergis et al., Impact of Bedtime Snack Composition on Prevention of Nocturnal Hypoglycemia in Adults With Type 1 Diabetes Undergoing Intensive

which she shared with someone else. Dkt. 1. Nurse Candice, who is not named as a defendant, told Hood that her HS snack was permanently suspended because she had shared it, "per [defendants] Crystal Large and head nurse Brandy Bishop, RN." Dkt. 1, 19. Hood alleges that the decision to suspend the HS snack endangered her health and life. Dkt. 1. She alleges that, because of the suspension of the HS snack, she could not take her "correct insulin" for a month and a half. Dkt. 19. Hood alleges this caused permanent vision issues, kidney issues, loss of feeling in her legs, and that she will lose her legs soon. Dkt. 19. Hood also alleges that, because of the suspension of the snack, her blood sugar "only registered Hi [sic]" once she was transferred to a different facility. Dkt. 19.

## III. Analysis

Hood brought a § 1983 claim against the medical defendants, alleging that they violated her constitutional rights by suspending her HS snack.[4] Dkt. 1.

> Prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement. They must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must protect prisoners from violence at the hands of other prisoners. However, a constitutional violation occurs only where the deprivation alleged is,

---

Insulin Management Using Lispro Insulin Before Meals, 26 Diabetes Care 9–15 (Jan. 2003); This court can take judicial notice of generally known medical and other scientific facts. *Sparks v. Ribicoff*, 197 F. Supp. 174, 176 (W.D. Va. 1961).

[4] It is not clear from the Complaint whether Hood was a pretrial detainee or convicted inmate at the time of the relevant events. Convicted inmates can bring claims of deliberate indifference under the Eighth Amendment's prohibition of cruel and unusual punishment, while pretrial detainees can bring claims of deliberate indifference under the Due Process Clause of the Fourteenth Amendment. *Stevens v. Holler*, 68 F.4th 921, 930–31 (4th Cir. 2023). "[A] pretrial detainee makes out a violation at least where the detainee shows deliberate indifference to serious medical needs under cases interpreting the Eighth Amendment." *Id.* at 931 (quoting *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021)). Here, the medical defendants' Motion to Dismiss would be denied under either standard. The medical defendants' Motion to Dismiss states that Hood is an inmate, Dkt. 16, so for purposes of this motion, I analyzed it as if she were an inmate and as if she brought her claim under the Eighth Amendment.

> objectively, sufficiently serious, and the official has acted with deliberate indifference to inmate health or safety.

*Farmer v. Brennan*, 511 U.S. 825, 825–26 (1994) (internal quotations omitted).

To bring a § 1983 claim under the Eighth Amendment for inadequate medical care, a plaintiff must sufficiently allege that the defendants acted with deliberate indifference to the serious medical needs of the inmate, resulting in the unnecessary and wanton infliction of pain. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (*overruled on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994)). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.*

> The test for deliberate indifference is two-pronged and includes both objective and subjective elements. [The inmate] must demonstrate that (1) [the inmate] was exposed to a substantial risk of serious harm (the objective prong); and (2) the prison official knew of and disregarded that substantial risk to the inmate's health or safety (the subjective prong).

*Stevens v. Holler*, 68 F.4th 921, 931 (4th Cir. 2023) (internal citations omitted).

a. **The Objective Prong**

Hood alleges that she suffers from a serious medical condition—Type 1 diabetes—and that the medical defendants' actions interfered with her ability to take necessary insulin, putting her at substantial risk of serious harm. Dkt. 1, 19. Further, Hood alleges that the medical defendants' actions resulted in damage to her kidneys, vision loss, and a loss of sensation in her legs, and put her at risk of losing her legs. Dkt. 19. These allegations, taken as true, satisfy the first (objective) prong of deliberate indifference as interference with treatment of Type 1 diabetes can expose the diabetic to a substantial risk of serious harm. The Fourth Circuit found that "[l]eaving a diabetic . . . without proper food or insulin when it is needed creates an objectively,

5

sufficiently serious risk of harm." *Scinto v. Stansberry*, 841 F.3d 219, 228 (4th Cir. 2016) (quoting *Lolli v. Cty. of Orange*, 351 F.3d 410, 420 (9th Cir. 2003)).

### b. The Subjective Prong

The second prong of the deliberate indifference inquiry is more nuanced, requiring sufficient allegations that the defendant had "subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "A plaintiff can meet the subjective knowledge requirement through direct evidence of a prison official's actual knowledge or circumstantial evidence tending to establish such knowledge, including evidence 'that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Scinto*, 841 F.3d at 226 (quoting *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015). While alleging that prison officials *should have known* about a risk does not satisfy the subjective knowledge prong, alleging that prison officials *must have known* about a risk does. *See Terry*, 2015 WL 11109499, at *6 ("Prison officials . . . may be held accountable when a risk is so obvious that it had to have been known. Therefore, even under this subjective standard, a prison official cannot hide behind an excuse that he was unaware of a risk, no matter how obvious." (cleaned up) (quoting *Makdessi*, 2015 WL 1062747, at *1)).

Here, Hood has alleged sufficient facts to support a plausible inference that the medical defendants must have known of the risk posed by their actions. Hood alleges that she receives the HS snack as a diabetic who takes insulin "to avoid [her] insulin bottoming out." Dkt. 19. "Leaving a diabetic . . . without proper food or insulin when it is needed creates an objectively, sufficiently serious risk of harm." *Scinto*, 841 F.3d at 228 (internal citations omitted). Because the facts alleged, when taken as true, support an inference that the medical defendants must have

6

known that Hood was diabetic, and because interfering with diabetics' ability to have proper food or insulin creates an obvious, substantial risk of harm, Hood alleged sufficient facts to satisfy the second prong of deliberate indifference. *See id.* at 226 (denying summary judgment for a medical defendant who knew of the plaintiff's diabetes but interfered with his ability to obtain proper food or insulin).

## IV.    Conclusion

Hood pled sufficient facts to state a plausible claim that the medical defendants acted with deliberate indifference by revoking her HS snack, impacting her diabetes treatment and putting her at substantial risk of serious harm. Accordingly, I **DENY** the medical defendants' Motion to Dismiss.

An appropriate Order accompanies this Memorandum Opinion.

Entered:  July 15, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

7